# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DUSTIN LEE MORRIS                                                                                            PLAINTIFF

v.                                 No. 4:16CV00830 JLH-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                                        DEFENDANT

## OPINION AND ORDER

This is a Social Security disability appeal in which the Court found that the administrative law judge committed error and remanded under sentence four of 42 U.S.C. § 405(g). The plaintiff has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. He requests a fee in the amount of $14,327.43, calculated on the basis of 73.2 hours multiplied by $195.73 per hour. He bases that hourly rate on the statutory maximum of $125 per hour adjusted by dividing the Consumer Price Index–All Urban Consumers' rate for March of 2017 by the cost of living for March of 1996 and multiplying that figure by 125. He also requests payment of $92.78 in expenses.

The Acting Commissioner has responded and concedes that the plaintiff is entitled to reimbursement of attorney's fees under the Equal Access to Justice Act but contends that the application is excessive. Specifically, the Commissioner objects to the inclusion of clerical activities, the claimed time spent preparing the brief and reply brief for this appeal, the time spent preparing for oral argument before the administrative law judge, and the time spent preparing the motion for attorney's fees. The Commissioner argues that the plaintiff's time should be reduced as follows:

- 4 hours deducted from the 5.8 hours that plaintiff requests for time spent preparing the appeal;

- 15.7 hours deducted from the 36.4 hours that plaintiff requests for time spent on initial brief;

- 8 hours deducted from the 18 hours that plaintiff requests for time spent on reply brief;

- 3.5 hours deducted from the 7.8 hours that plaintiff requests for time spent preparing for and attending oral argument;

- 2.4 hours deducted from the 4.4 hours that plaintiff requests for time spent on attorney's fee brief.

Additionally, the Commissioner objects to the plaintiff's request for travel and copying costs. The Commissioner agrees with an hourly rate of $195.73 for work completed in 2017, but argues that the hourly rate should be $193 for work completed in 2016.

In reply, the plaintiff agrees that an hourly rate of $193 is warranted for work in 2016. The plaintiff does not agree with all of the Commissioner's reductions but agrees to reduce the 7.8 hours related to oral argument to 6 hours. He also withdraws his request for travel costs. Finally, the plaintiff requests an additional 3.5 hours for time spent preparing the reply brief on this motion.

Under the Equal Access to Justice Act, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). In this case, the Commissioner concedes that the plaintiff is entitled to an award of attorney's fees pursuant to the Act. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 2631-32, 125 L. Ed. 2d 239 (1993) (holding that a claimant who wins a sentence-four remand order and judgment is a prevailing party entitled to Equal Access to Justice Act fees).

Attorney's fees may not be awarded in excess of $125.00 per hour—the maximum statutory rate under the Act—unless the Court finds that an increase in the cost of living or a special factor

justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).[1]

The plaintiff has offered uncontested proof of an increase in the cost of living in the Eastern District of Arkansas sufficient to justify an hourly rate in excess of $125.00 per hour. *Johnson*, 919 F.2d at 504 ("We believe that the Consumer Price Index constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than $75 per hour in these cases."). The Court, however, rejects the plaintiff's requested hourly rate that is calculated simply by multiplying $125 per hour by a number derived from the Consumer Price Index. The Consumer Price Index provides proof warranting an enhanced fee award; it does not replace the Court's discretion in determining a reasonable fee. *See Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011). The calculation based on the Consumer Price Index results in an hourly rate of the anomalous number of $195.73. An attorney's fee is an estimate of what is a reasonable fee for the service rendered considering a number of relevant factors such as the time and labor involved, the skill needed to provide the service properly, the fee customarily charged for that service in the locality, the experience and ability of the attorney providing the service, and whether the fee is fixed or contingent. *See* Ark. Rules of Prof'l Conduct 1.5. Consideration of those factors does not result in the type of odd hourly rate for which the parties argue here. *Theis*, 828 F. Supp. 2d at 1009.

---

[1] In 1996, Congress increased the statutory ceiling for Equal Access to Justice Act fee awards to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A).

The Eighth Circuit has held that, "[u]nder ordinary circumstances . . . the cost of living affects each litigant within a judicial district to the same degree" and, consequently, enhanced hourly fee rates based on cost-of-living increases should be consistent in each case, "rather than producing disparate fee awards from each court within the district or from different districts within this circuit." *Johnson*, 919 F.2d at 505. To this end, and in light of common billing practices among attorneys, the plaintiff's fee award should be calculated based on an hourly rate in a single, round figure—the kind of figure that commonly forms the basis for determining an attorney's fee. Taking into account the Consumer Price Index, as well as the Equal Access to Justice Act fee awards from past cases within Arkansas, the Court believes that an hourly rate of $190.00 will reasonably compensate the plaintiff's attorney for the work performed in this case. *Cf. Hull v. Social Security Admin.,* No. 4:13CV00016 DPM, 2014 WL 198797 at *1 (E.D. Ark. Jan. 15, 2014) (awarding attorney's fees at an hourly rate of $186.00 for 2013).

With the deductions to which the plaintiff agrees, the time spent appears to be reasonable.[2] Those hours, including time for the reply brief, total 74.9 hours. At the rate of $190 per hour, the fee award is $14,231.00.

The Commissioner also contends that the plaintiff has improperly requested "costs" in his motion for "expenses." The Act distinguishes between "costs" and "expenses," with costs payable by the Secretary of Treasury and expenses payable by the agency over which the party prevails. 28 U.S.C. § 2517; 28 U.S.C. § 2412(d)(4). "Costs" may be awarded under section 1920. Section 1920 requires a bill of costs to be filed. *See United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990).

---

[2] The Court does not agree with the Commissioner's characterization of some of this time as "clerical."

The plaintiff has not filed a bill of costs. Only $14.43 for the certified mail and $5.15 for the postage charges will be awarded.

The total award, then, is $14,250.58 ($14,231.00 in fees plus $19.58 in expenses).

The Supreme Court has held that any Equal Access to Justice Act award should be made payable to the litigant, not her attorney, and that the award is subject to offset for any debt owed to the government by the litigant. *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). "Despite plaintiff's assignment, EAJA attorney's fees are payable to the plaintiff." *Hull*, 2014 WL 198797 at *1. Therefore, after the plaintiff's federal debt, if any, is subtracted, the Court directs that the above award be made payable to the plaintiff, in care of her attorney, Jim Carfagno, Jr., and mailed to Mr. Carfagno, pursuant to the Commissioner's standard method of issuing payment.

IT IS SO ORDERED this 26th day of October, 2017.

J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE